*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

RICKY EUGENE GROSS,

        Defendant-Appellee.

UNPUBLISHED
October 25, 2024
2:10 PM

No. 369876
Wayne Circuit Court
LC No. 03-009154-01-FC

Before: RIORDAN, P.J., and YOUNG and WALLACE, JJ.

RIORDAN, P.J. (*dissenting*).

I respectfully dissent.

In this case, the trial court granted defendant's successive motion for relief from judgment on the basis of *Brady v Maryland*, 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963). "To establish a *Brady* violation, a defendant must show that: (1) the prosecution has suppressed evidence; (2) that is favorable to the accused; and (3) that is material." *People v Christian*, 510 Mich 52, 76; 987 NW2d 29 (2022) (quotation marks and citations omitted). "To establish that exculpatory evidence is material, a defendant must show that there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* (quotation marks and citations omitted).

As explained by the majority, defendant identifies four pieces of information in the police reports that arguably would have aided his defense: (1) Officer Michael Carlisle's opinion that Harris was lying; (2) Marcia Spivey's statements indicating that Eugene Harris was "shady," that she did not believe that an attempted robbery occurred immediately before the shooting, and that she believed that the shooter intended to shoot Harris; (3) Spivey's statement indicating that Harris and an unknown male had an argument about a week before the shooting; and (4) Investigator Mack's opinion that the drawing of the shooter strongly resembled Officer Michael McLean, who was under investigation at the time for allegedly robbing drug dealers. In my view, assuming that the trial court did not err by finding that the police reports satisfied the first two elements of *Brady*, the trial court nonetheless erred by finding that the police reports were material.

The central issue at trial was the identity of the shooter, which was proven to be defendant from the testimony of two eyewitnesses, one of whom was a police officer. Thus, even if Officer Carlisle's opinion about Harris's truthfulness and Spivey's opinion about his "shady" character were admissible at trial, such testimony would not have affected the jury's determination that defendant was the shooter because Harris did not identify defendant as the shooter—the jury's determination that defendant was the shooter rested on the testimony provided by Spivey and Officer Derrick Mason. Moreover, Spivey's statement that she did not believe a robbery occurred is functionally irrelevant for the purposes of the instant motion for relief from judgment because defendant was convicted of first-degree murder under two alternate theories, felony murder predicated on robbery and premediated murder, so even if Spivey's statement about the lack of a robbery was credited, defendant would not be entitled to a new trial because only the felony-murder conviction would be vacated. Therefore, the first two pieces of information identified by defendant are unhelpful to his case.

With regard to the third piece of information in the police reports, while Spivey would have been able to testify about the argument that she observed, or otherwise had knowledge of, between Harris and an unknown individual, such a weak suggestion that some unknown individual who had an argument with Harris a week earlier was the shooter would not have been persuasive in light of the strong eyewitness identification testimony offered by Spivey and Officer Mason. In any event, defendant's theory of the case at trial simply was that he was misidentified as the shooter; the identity of the actual shooter, for the purposes of his case, is largely irrelevant. In other words, even if defendant was able to argue at trial that the unknown individual discussed by Spivey was the actual shooter, that argument would not have undermined the eyewitness testimony itself.

Finally, with regard to the fourth piece of information, the opinion of Investigator Mack that the sketch of the shooter resembled a police officer who was under investigation does not establish a reasonable probability that the outcome of trial would have been different because, again, two eyewitnesses identified defendant as the shooter. Importantly, Officer Mason was only 7 to 10 feet away from the shooter and observed the shooter's face for four to six seconds. In fact, when Officer Mason saw defendant's picture on the television seven months later, he immediately recognized defendant as the shooter. Additionally, when Officer Mason happened to see defendant in jail a month later, he instantly recognized defendant as the shooter. Moreover, Spivey testified that she viewed the shooter's face for three to four seconds and was directly facing the shooter during that time. Spivey's view and recollection of the shooter were sufficient to help the police draft a sketch of the shooter. And, when asked to identify the shooter from the lineup, Spivey instantly recognized defendant as the shooter. Simply put, given the strong eyewitness identification testimony, as well as the fact that the police reports do not diminish that testimony, I am unconvinced that suppression of the police reports sufficiently undermined confidence in the jury's verdict. See *Kyles v Whitley*, 514 US 419, 434; 115 S Ct 1555; 131 L Ed 2d 490 (1995).

Accordingly, I would reverse the trial court's ruling that defendant is entitled to a new trial on the basis of *Brady*.[1]

/s/ Michael J. Riordan

---

[1] Defendant also argues that he is entitled to a new trial under *People v Cress*, 468 Mich 678; 664 NW2d 174 (2003), because of the newly discovered police reports. However, because I conclude that the police reports were not "material" under *Brady*, it necessarily follows that the police reports do not "make[] a different result probable on retrial" for the purposes of *Cress*. See *id*. at 692.